73,015

To the Clerk of the Court of Criminal Appeals:     8-25-15

   Please find enclosed, motion for leave to file mandamus, petition for Writ of Mandams and exhibits. Please file with the court and I also request that a copy of all exhibits be sent to the Respondents. These are my only copies and I have no way to make copies of those documents. I did send carbon copies of the rest.

                                        Sincerely,

                                        Willie Henry
                                        Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 03 2015
Abel Acosta, Clerk

This document contains some
pages that are of poor quality
at the time of imaging.

IN THE COURT OF CRIMINAL APPEALS, TX.

IN RE 'WILLIE HENRY, III'

WILLIE HENRY, III §
   RELATOR
                      §§      IN THE COURT OF CRIMINAL
VS.                            APPEALS OF TEXAS
                          §
252ND CRIMINAL DISTRICT COURT, §
JEFFERSON COUNTY, TEXAS;THE §
STATE OF TEXAS, §
RESPONDENTS §

IN RE 'WILLIE HENRY, III'

MOTION FOR LEAVE TO FILE

TO THE SAID HONORABLE COURT;

Now comes Willie Henry, III, Relator files pro se, and ask leave of court to file an original petition with the Court of Criminal Appeals for a writ of mandamus, and would show the Court the following;

I.

Jurisdiction

This Honorable Court has jurisdiction to review the order and judgment from the 252nd District Court of Jefferson, coun -ty, Texas under TX. Const. Art. V § V; TX. Govt. Code § 22. 221(b)(1). Mandamus is availbeto correct a trial court's deprivation of Fundamental Constitutional Rights. A relator who demonstrates that the order or judgment challenged is void need not demonstrate that remedy by appeal is inadequate Dunn v. ligon, 430 S.W. 2d 704 V.T.C.A. C.C.P. § 4.03

II.

Extraordinary Case

This is an extraordinary case that requires the Court of Criminal Appeals to exercise original jurisdiction because:

1. The deferred Adjudication order from cause no. 98575 is

void because the Relator was denied his right to trial by jury.Th waiver was involuntarily and unintelligently given. Brady v. U.S. 397 U.S. 742, 748, 90 S.CT., 1463, 1469, 25 L.Ed. 2d 747 (1970)

2.Relator was denied his Fundamental Right to Effective Assistance of Counsel, where the trial court failed to inquire into a conflict of interest which was before it.

3.Trial court abused its discretion when it revoked probation from a void order.

4.trial court abused its discretion when it ruled without supporting evidence. The plea nor the purported judicial confession are valid due to IAC and ambiguity in plea agreement since the vital SBI element was concealed from plea agreement.

## III.
## Ministerial Duty of Respondent

On the 1st day of October, 2007, The Honorable Judge Layne Walker was the duly qualified and acting judge of the 252nd Criminal District Court of Jefferson County, TX. for cause no. 98575 styled, State of Texas v. Willie Henry,III, and entered an improper and void order to wit:

1. On August 27,2007,the trial court received the plea agreement with attached waivers and stipulations and ordered a PSI and reset until Oct.1, 2007.In the report, it was made known that there was a conflict of interest between defendant and his attorney. Triallcounsel told dfendant that he could not have representation in a jury trial without more money even though defendant wanted jury trial. (R.R. v.5,p.14) (Relator's only other copy of Psi was served previously to parties and court)

Respondent had an independent duty to ensure a fair trial by inquiring into the conflict of interest and a duty to protect the defendant's right to trial by jury, but failed in that duty.

2.Respondent committed a fundamentally unfair act in accepting an involuntary plea and inadmissible evidence of the judicial confession, which was not intelligently entered, nor was it vol-

untarily given. Because the plea papers omit the essential el
-ement of serious bodily injury and that element was not con-
tained in the original indictment, the defendant was denied
actual notice of the accusations against him and the judicial
admission was mistakenly given since serious bodily injury
did not take place. The trier of fact could not have found
all of the essential elements to have been proven beyond a
reasonable doubt. V.T.C.A. § C.C.P.Art. 1.15; P.C.§2.01

3. Relator has been deprived of liberty without due process
of law which renders order and judgment void. In re
Taylor, 130 S.W.3d 448; U.S.C.A.14,6; Tx. Const. 1§15

## IV.
### Petitioner has no Adequate Remedy by Appeal

1. My trial lawyer abandoned me immediately after the Oct.1
2007 sentencing. I addressed the issue in Habeas Corpus
in writ 73,015-01. (Do not have a copy) However, even
though my trial attorney states in his affidavit in the
proceeding that he had no further obligation to me, the
habeas court never addressed the issue and failed to grant
relief by out of time appeal. (This court has a copy of
that affidavit but I was not served one by attorney)

2. I have filed mandamus in the 9th Coa but argued wrong due
to the fact that I've had no actual assistance for a mean-
ingful review, which is supposed to be a Constitutional
Right, I've been barred from presenting another mandamus
to that COA. (09-13-00195-CR) May 8, 2013

3. Appeal lawyer after adjudication of guilt was ineffective
for raising IAC of trial counsel Only. Issue is not a
claim that can be reviewed on direct appeal.(09-09-00029cr)

V.
Motions and orders involved

The motions and orders involved are attached as exhibits
and are marked A through _C_ and made a part hhereof.

VI.
Prayer

Wherefore premises considered,Petitioner prays that leave
to file this petition be granted, that the same be set for
submission, and that Writ of Mandamus be issued by the Court
ordering that the order and judgment in cause no. 98575 set
aside and to declare the order void. In the alternative I
ask this Court to reset the time table to file for out of
time appeal and motion for new trial.

Respectfully Submitted,

Willie Henry III - Pro Se

Date 8-26-15

#1550834
810 Fm 2821
Huntsville, Texas77349

NO._____

IN THE COURT OF CRIMINAL APPEALS

IN re 'Willie Henry'

Willie Henry, III
Relator

VS.

252nd Crimind District Court
Jefferson, County, TX.;
The State of Texas,
Respondent

In the Court of Criminal
Appeals, Austin, Tx.

Original Petition for Writ of Mandamus

# INDENTIT OF PARTIES AND COUNSEL

**FOR THE STATE**
mR. PERRY THOMAS
sbot no. 19849120
Asst. Dist. Attny.
1001 pearl, 3rd Floor
Beaumont, Texas 77701

**FOR THE DEFENDANT;**
Mr. Audwin Samuel
sbot no. 00791595
Attny. @ law
505 Milam, Suite 100
Beaumont, Texas 77701

**RESPONDENT**
252nd Criminal District Court
Jefferson County, Texas

**Judge Involved**
Honorable Layne Walker
Resigned as Judge

## TABLE OF CONTENTS

| | |
|---|---|
| Indentity of Parties and Counsel at Trial | p. i |
| Table of Contents | p. i |
| Index of Authorities | p.ii |
| Statement of Case, Jurisdiction | p.iii |
| Request for Petition | p.1 |
| Issues Presented, Statement of facts | p.5 |
| Arguments to Support Claims | p.7 |
| Summary | p. 12 |
| Prayer for Relief | p.13 |
| Certification , Certificate of Service | p.14 |

Appendix

R.R. vols. 1, 2, 3,4, and 5
(do not have vol 6 which is plea papers but served on court
and District Attorney's Office in previous filings)

Exhibits (deferred adjudication order, affidavits, case resetting
forms showing defendant not aware of reindictment)

i

# INDEX OF AUTHORITIES

| Cases | Pages |
|---|---|
| Caldwell v. Thaler, 770 f. Supp 2d. 849 | 2 |
| Diaz v. Martin, 718 F.2d 1372 | 11 |
| Donovan v. St., 68 s.W. 3d 633, 637-38 | 11 |
| Ex rel Bill hill v. COA 5th district, 34 S.W. 3d 924, 927 | 11 |
| henderson v. Morgan, __ U.S. __, 96 S.CT., 2253 | 9 |
| Hernandez v. ST., 127 S.W. 3d 768 | 8 |
| Huynh v. ST., 833 S.W. 2d 636 | 8 |
| In re Taylor, 130 S.W. 3d 448 | 3 |
| In re Vernor, 94 S.W. 3d 201 | 7 |
| Michigan v. Jackson, 475 U.S. 633, 106 S.CT., 1404 | 11 |
| Miller v. Champion, 161 F.3d 1249-50 | 12 |
| Sanchez v. St., 543 S.W. 2d 132 | 10,12 |
| Sanchez v. St., 32 S.W. 3d 701 | 10 |
| St., v. Vasquez, 140 S.W. 3d 758-59 | 2,11 |
| U.S. v. Abernathy, 83 F. 3d 17, 19 | 9 |
| U.S. v. Combs, 222 F.3d 353 | 8 |

U.S.c.A. amends

5th, 6th, 14th

TX. const.

1§10, 1§ 13, 1§15, 1§19

TX. Penal Code    & C.C.P.

1.05, 1.15, 2.03, 12.01, ~~12.01(6)~~, 12.01(6), 12.05B, 11.07. 26.13

P.C. § 1.07(a)(46), 2.01, 22.02

TX Judicial Code of Conduct

Canon 2A, 3B(2), 3D(2)

STATEMENT OF THE CASE

This case is from the 252nd Criminal District Court, where the Relator was granted 3 years deferred adjudication for the offense of aggravated assault causing serious bodily injury to Barbara Wherry-Dean. The court adjudicated guilt and sentenced Relator to 18 years TD6J and he is serving that sentence in the Wynne Unit, huntsville, TX.

Trial counsel abandonded relator after deferred adjudication and failed to file motion for new trial during 30 days after the deferred adjudication granted. After guilt was adjudicated, the court appointed Doug Barlow for appeal but he too, failed to file motion for new trial nor even speak or communicate with the Relator after appointed. Relator's family hired Mr. hugh o'Fiel after the 30 days passed to file motion for new trial and Mr. O'Fiel, filed appeal in the 9th Coa, but on non reviewable issue of ineffective assistance of counsel at trial and conviction was affirmed instead of dismissed.

Relator filed habeas corpus under 11.07 but relief was denied by courts. (Pro Se) Relator has also filed pro se for Mandamus relief in the 9th COA but did not know how to describe the duty which was ministerial and Mandamus was denied. Now he comes filing pro se in the CCA and does believe that he has now adequately stated the ministerial duties of the court, and shows that the order for deferred adjudication should be deemed void due to an involuntary waiver to jury trial.

Jurisdiction

The Court of Criminal Appeals has jurisdiction over Criminal Convictions in Texas, granted by TX. Gov. Code § 22.221 and the TX. Const. Art. V § V. V.T.C.A. C.C.P. § 4.03

iii

NO.

IN THE COURT OF CRIMINAL APPEALS

IN RE WILLIE HENRY,III

WILLIE HENRY,III          §       IN THE COURT OF
     RELATOR                      CRIMINAL APPEALS IN
VS.                       §          AUSTIN, TEXAS
252ND CRIMINAL DISTRICT COURT,  §
JEFFERSON COUNTY, STATE OF TX.,
          RESPONDENT      §


IN RE 'WILLIE HENRY,III'
PETITION FOR WRIT OF MANDAMUS


To The Honorable Judges of Said Court:

Now comes Willie Henry, III, files pro se this application for Writ of Mandamus and complaining of the 252nd criminal district court of the state of Texas, jefferson County, respondent, and would show the following:

I.

On the 1st day of October 2007, Honorable layne Walker was the duly qualified and acting Judge of the 252nd Criminal Court of Jefferson County, texas, and on said date in cause No. 98575 styled the State of Texas v. Willie Henry, III enterdd an improper and void order to wit:

Respondent failed in its duty to protect defendant's Fundamental Constitutional rights to a fair and impartial trial by jury and due process. He failed to properly admonish the Defendant of his right to trial by jury, right to assistance of counsel at a trial by jury, right against self-incrimination, and his right to notice

The Reporter's record will show that at the time that the Defendant's plea was entered, the trial court knew or should have known that the Defendant's waiver to his Constitutional Right of a trial by jury was involuntary and given unintelligently due to counsel's refusal to allow Defendant to exercise his Right to a trial by jury so that he could prove his innocence. Although Respondent had evidence before him that reasonably and fairly raised an issue of fact as to innocence of the Defendant, of the offense of aggravated assault causing serious bodily injury, and Respondent had a duty to withdraw the nolo contendere plea on its own motion.

The Respondent's failure to perform its independent duty to inquire into an obvious conflict of interest which was before the trial court resulted in the Defendant being impelled into a plea agreement and waivers of Federal and State Consti -tutional Rights which he did not want to waive.

## II.

Said order of Respondent was improper and void for the fol -lowing reasons:

An involuntary waiver of the right to a jury trial renders a judgment void. Caldwell v. Thaler, 770 F. Supp. 2d, 849; State v. Vasquez, 140 S.W. 3d, 758-59

## III.

The acts required of the Respondent are ministerial in nature and are not subject to the discretion of the Respondent. Namely: Protect Defendant's Fundamental Constitutional Rights and properly admonish defendant to make sure that the plea is really voluntarily and knowingly entered. **V.T.A.C.C.P. art. 26.13** The trial court must properly admonish defendant concerning consequences of plea and must determine voluntariness of the plea and such responsibility cannot be shifted to counsel. Waivers also must be voluntary and given intelligently, to comply with due process. U.S.C.A. amnds. 6,14; Tx. Constitution arts. 1 § 15; 1§19

2

Relator has been deprived of liberty without due process of law which renders order and judgment void. _in_re_Taylor,_130 S.W._3d,_448;_U.S.C.A._amend._14

IV.

Petitioner has no right of appeal from the actions of the Respondent and has no adequate remedy at law other than a Writ of Mandamus as prayed for herein.

1. My trial lawyer abandoned me after the original deferred adjudication sentence. I filed this as ground in 11.07(73 015-01) trial counsel's affidavit stated that he had no obligation to me after deferred adjudication, which is not correct according to art. 26.04, but the habeas court failed to address the ground. in which case, had they addressed it, I could have then filed a motion for new trial and had a full and fair hearing.

2. I have filed mandamus in the Ninth court of Appeals but argued wrong because I've had no assistance at all, and now that court says that I can't bring another petition. (09-13-00195-CR) may 8, 2013

3. Appeal lawyer after adjudication of guilt was ineffective for raising IAC at trial which could not be raised on an appeal. He didn't raise these important issues, nor did he at any time contact me or file a motion for new trial.

V.

The motions and orders involved are marked as Exhibits A thro -ugh____C____and are attached hereto and made a part hereof.

Wherefore premises considered, Petitioner prays that leave to file this petition be granted, that the same be set for

3

submission, and that a Writ of Mandamus be issued by the Court ordering and directing the Respondent to set aside order and judgment of conviction, and declaring it as void and a nullity.

In the alternative I ask this Court to reset the time table to file for out of time appeal and file motion for a new trial.

Willie Henry

_____
signature        Pro Se

_____8:26-15_____
Date

#1550834
810 FM 2821
Huntsville, TX. 77349

## ISSUES PRESENTED

The Trial court neglected its duty pursuant to TX. C.C.p. art. 2.03(b); art. 1.05, to ensure a fair trial and protect the Fundamental Rights of the accused even after a conflict of interest was brought to the court's attention in the PSI.

Relator brought to the attention of the court that he was now indigent (at the stage of jury trial) and that counsel refused to allow him to go to trial by jury if he didn't come up with more money. (Reporter's Record V. 5, P.14)

That neglect of duty caused the following:
1. An involuntary waiver to trial by jury (voids order)
2. Deprivation of Fundamental Right to Counsel
3. Acceptance of an involuntary nolo plea to an offense which the vital element of serious bodily injury was concealed from him in the plea papers and was added to the indictment after the plea papers were already signed, depriving Relator of his Fundamental Due Process Right to true and adequate notice of accusations.
4. Admittance into evidence, an inadmissible judicial confession which was given by mistake. It omitted the essential element necessary for conviction. (Does not support finding of guilt. C.C.P. art. 1.15)
5. Violations of the Tx. Const. Arts. 1§15; 1§10;1§3;1§19; U.S.C.A. Amends. 5, 6,14

## STATEMENT OF FACTS

In the July term of 2005, the grand jury indicted Willie Henry, III, for the offense of sexual assault (P.C. § 22.011(E) and Mr. Audwin Samuel was retained as defense counsel, given a list of defense witnesses and contact information which he never attempted to contact. According to the records of the clerk, a re-indictment was issued in September, 2006, but Henry was not informed. (Exhibit A-8,9) In August 2007, when getting to the courthouse Mr. Samuel informs his client that they are set to pick a jury the next morning of August 28, 2007. Then he informs Henry that if he can't come up with another $3,500.00

5

if he wants a jury trial, then he will have to agree to a plea deal for the lesser-included offense. After making phone calls to try to raise the money but failing, he was told he has no choice but to sign a plea deal. Henry asked his attorney to try to get the trial reset so he could come up with the money and Mr. Samuel told him that he would go ask but that henry could not come in the courtroom with him. A few moments later, counsel returned but told him that the Judge refused to reset.

Henry was told by his attorney to not say anything to the Judg but only answer what the Judge asks, or this Judge will just sentence you to the max of 20 years. Therefore, Henry tells the interviewer during the PSI what had taken place between his attor -ney and himself. (Ran out of money but wanted a jury trial and that he was innocent of charges) R.R. v. 5,p.14 and PSI

The case was reset for sentencing on Oct. 1,2007 and the court accepted the plea agreement and sentenced him to 3 years deferred adjudication without inquiring about voluntariness of waivers or into conflict of interest. (Exhibit    ) R.R. v.3

In 2009 , on January 12th,  probation was revoked and guilt adjudicatdd and defendant sentenced to 18 years TDCJ- Institu- tional Division. R.R. v. 5,p. 17

Aurguments to Support Claim

The Respondent on October 1,2007, issued an order for a deferred adjudication pursuant to a plea bargain agreement which contained involuntary waiver to a trial by jury. The trial court knew or should have known that the waiver to a trial by jury was given involuntarily by the defendant. See: Exhibit R.R, V.5,P.14 and PSI which this court has a copy.

The trial court had a mandatory duty to inquire into a conflict of interest but did not. Due to this failure to per- form its mandatory duty, the defendant was forced to forego his right to a jury trial, which is a Fundamental Right under Due Process. This Honorable Court has the power under the TX. Constitution Art. V.§V to issue mandamus to correct the trial court's deprivation of fundamental constitutional right In re Vernor, 94 S.W. 3d, 201

Although the trial court knew, as is evidenced by the repor -ter's transcript in Vol. 5, P. 14, that the only reason that defendant entered the plea and bargain agreement was because he became indigent at the point and stage of trial by jury. Mr. Samuel refused to allow a jury trial if he wasn't given more money immediately. He (Mr. Samuel) did not tell defen- dant that he had other options, such as asking the court to appoint counsel for a jury trial. Had defendant been inform- ed of that right, instead of being told that he had no choice if he didn't have the additional money, defendant would not have waived his right to trial by jury. This is an obvious conflict of interest that the Respondents knew about.
"While guaranteeing defendant's right to attorneys of their choosing, Sixth Amendment also entitles defendants to rep-

7

resentation by an attorney unfettered by any conflict of inte-rest....Even when a defendant is willing to waive a conflict of interest, a court has an independent duty to balance the right to counsel of choice with the broader interests of judi-cial integrity, and is required to take action to protect defendant's Sixth Amendment right to effective assistance of counsel, unless after inquiry, the court believes that a con-flict of interest is unlikely to arise.
U.S. v. Combs, 222 F.3d, 353

In this present case before the court, the defendant did not want to waive the conflict of interest, but rather, was told he had no choice. he thought that's the way the law works, therefore he brought it up in the PSI hoping the court would do something about it. Now he has found out that that was a choice to be made by himself and not dictated by trial counsel. Huynh v. ST., 833 S.W. 2d, 636

Not only did Mr. Samuel disallow the defendant the right to a jury trial but he also gave mis-information which made the waiver involuntary and unintelligently given.

1. Mr. Samuel told defendant that the offense of aggravated assault was the lesser-included offense of sexual assault. that information was incorrect. The State actually asked that the original indictment be amended **after the plea agreement was already signed.** That amendment substantially charged another offense other than the grand jury charge. When a charge has been substantially amended from the charges contained in the original indictment, and the statute of limitations has expired, then it is barred. Hernandez v. ST., 127 S.W. 3d, 768; V.T.A.C.C.P. art. 12.01; 12.05B In this case, aggravated assault had a 3 year limitation, art.12.01(6). The indictment alleges offense in May 2000, but the date of amendment is August, 27, 2007.

Had that been revealed at the time then defendant would not have entered the plea deal or plea.

2. The plea agreement did not contain the vital element of serious bodily injury. (Did not occur). By the State failing to disclose that necessarry elment and chose to rather conceal it, defendant was denied true notice of the allegations against him. By not informing of the element before the plea hearing, defendant was prejudiced by being denied his opportunity to present a defense and to make the State prove Serious Bodily injury, which it could not have proven since it didn't transpire nor was it complained of by the alleged victim. the State acted arbitrarily and unreasonably by waiting until after the agreement was signed to then add an element to the charging instrument without any warning whatsoever. U.S. v. Abernathy, 83 F.3d 17,19 (1996); Henderson v. Morgan, U.S. , 96 S. CT. 2253 The defendant in this present case did not have a true understanding of the nature of the accusations against him because nobody explained to him that serious bodily injury means"...injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. V.T.C.A. Penal Code §1.07(a)(46).None of these things happened but without this court ordering an evidentiary hearing the only thing which can be shown is the elements of SBI were not entered into evidence. The alleged judicial confession omits the SBI element. A judicial admission that omits an element is not sufficient and a

9

judicial admission must be clear and unequivocal, contained in the live pleading and not given by mistake. It is clear that the defendant was not aware of the SBI element before the plea hearing since it was not contained in the original 'live pleading' nor was it brought to his attention in the plea papers. The judicial confession is invalid to support the conviction.

3. The trial court had a duty to withdraw the nolo plea on its own motion because there is nothing at all entered into evidence to prove the alleged victim suffered any serious bodily injury. C.C.P.art. 1.15; Sanchez v. St.,32 S.W. 3d, 701; Sanchez v. St., 543 S.W. 2d, 132

4. Had the trial court just did its job and admonished the the defendant all of this could and would have been avoided because defendant would have elected to go to trial by jury. He was not aware that entering the plea bargain waived his right to make the State prove the allegations. It was his understanding that the judge would look at the evidence in a fair manner and that the State had to offer proof beyond a reasonable doubt. It would have been impossible for the State to prove SBI. It is against all the principles of justice to hold a person knowing that he was forced to admit to something that did not transpire. When the plea, waivers, and plea agreement were not knowingly, voluntarily, and intelligently entered and are inadmissible as evidence and violates due process.

5. The waivers in this case were signed without a recommended punishment to be imposed if guilt was adjudicated and are not voluntarily entered. Had trial counsel not abandoned his client after the deferred adjudication order the defendant would have elected (if properly informed) to file a motion to adjudicate guilt and file motion for a new trial within 30 days. Because trial counsel abandoned defendant, as attested to in his affidavit (73,015-01) he has been denied any meaningful review on appeal and denied counsel during the time to file a motion for a new trial. Donovan v. St., 68 S.W. 3d, 633,637-38

6. The Respondent was prohibited from accepting the nolo plea which it knew or should have known was involuntary.(Ex. V.5 P.14)

   "the Constitution forbids acceptance of a guilty(nolo) plea to a criminal offense unless that plea is entered both voluntarily and knowingly." Diaz v. Martin, 718 F. 2d, 1372 (5th cir)

7. Relator believes he has shown that the waiver(s) were not voluntary nor intelligent. Where that is the case, the Courts of appeals have stated that the judgment is rendered void. State v. Vasquez, 140 S.w.3d, 758,59; Michigan v. Jackson, 475 U.S. 633, 106 S. CT. 1404; U.S.C.A. amend. 6; Tx. Const. art. 1 § 15 Vacating a void order is a minister -ial duty. Ex rel Bill Hill v. COA 5th district, 34 S.W.3d 924, 927 Relator believes he is entitled to vacation of order and entitled to remand to the trial court to answer original indictment.

## SUMMARY

The trial court shifted its responsibility to ensure a fair trial entirely to counsel, (R.R. v.2,p2)asking if counsel explain -ed the admonishments which were not signed in open court; but fails to admonish and ensure that defendant understood his right to jury trial if desired, right against self-incrimination(which there was no explicit waiver contained in plea papers), and chose not to inquire if the plea was truly given because defendant was in fact guilty.

Once the trial court received the PSI it should have withdrawn the plea on its own motion. <u>Sanchez</u> <u>v.</u> <u>St.,</u> <u>543</u> <u>S.W.</u> <u>2d,</u> <u>132</u> Then the trial court was obligated to conduct inquiry into what it should have reasonably inferred may have been a conflict of interest after reading in the report that defendant denied commit -ing the offense but ran out of money to pay counsel for repre- sentation for a jury trial. When the defendant was asked if he entered his plea on his own free choice, (R.R. v.2,p.2), that answer was based upon misinformation relayed to him by his att- orney and the failure to apprise him of the SBI element namely:

1. that he had to have more money to exercise the right to jury trial.
2. That the nolo plea was not in any way admitting guilt
3. That the plea deal charged him with alesser-included offense of sexual assault as alleged in the grand jury indictment in cause no.86400(never told he was reindicted on(98575)
4. The failure to apprise defendant of the SBI element from or by any source prior to the plea hearing. <u>Miller</u> <u>v.</u> <u>Champion,</u> <u>161</u> <u>F.3d</u> <u>1249-50</u>

Relator contends that after receiving and reviewing the PSI, any reasonable trier of fact would necessarily have a question as to the voluntariliness of the constitutionally waived rights

and the actual voluntariliness of the plea, which would warrant a further inquiry by the Respondent. C.C.P. arts § 1.05, 2.03; TX. Code of Judicial Conduct Canon 2A, 3B(2),3D(2); U.S.C.A. 6, 14

Because the purported judicial admission omits the SBI element and that element was not included in the grand jury's original in-dictment, which was the 'live pleading' at the time that the admission was signed, the Respondent could not have found the defendant guilty of committing every essential element of p.C § 22.02 aggravated assault with SBi beyond a reasonable doubt. P.C. § 2.01; U.S.c.A. amend. 14; C.C.P. art. § 1.15 the trial court had no factual basis for the acceptance of the plea. there is nothing in the record to support a finding of SBI as defined in TX. P.c. § 1.07 (a)(46). As a crucial matter of fact, if this Honorable Court will order the State to turn over the complaint of the alleged victim, mrs. Barbara Wherry-dean, it will find that no such claim of SBI was made under oath, and will show Prosecutorial misconduct by Mr. Perry Thomas by charging the defendant with an offense that he knew was not supported by probable cause or by oath from complainant.

<u>PRAYER</u>

WHEREFORE PREMISIS CONSIDERED, PETITIONER PRAYS THAT LEAVE TO FILE BE GRANTED, THAT THE SAME IS SET FOR SUBMISSION, AND THAT A WRIT OF MANDAMUS BE ISSUED BY THE COURT ORDERING AND DIRECTING THE ORDER AND JUDGMENT BE SET ASIDE AND DECLARED A NULLITY. OR TO RESET THE TIME TABLE TO FILE FOR OUT OF TIME APPEAL AND MOTION FOR NEW TRIAL.

_Willie Hung III_
SIGNATURE  Pro Se

_8-26-15_
DATE

13

Certification under r.App. pro. 52.3

I Willie Henry, III, do certify that I have read the petition and certify under the penalty of perjury that all factual statements are supported by competent evidence in the appendix or in the record.

Certificate of Service

I Willie Henry, III, do certify that on this the 26th day of August, 2015 a true and correct copy of the above and foregoing Motion for leave to file and petition with copy of the unsworn declaration was served on the District Attorney's office, Jefferson County, 1001 Pearl St., Beaumont, Tx., by u.S. Postal mail.

Willie Henry
Pro Se

14

Ex. A-1

## INMATE AFFIDAVIT OF UNSWORN DECLARATION

My name is Willie Henry, III, and I am over the age of 18 years of age and I am competent to give the following statements. I am currently incarcerated at the Wynne Unit Prison, Huntsville, TX. My TDC # is 1550834. I am being held illegally.

In September around the 1st, I retained Mr. Audwin Samuel to represent me in cause no. 86400 from Jefferson County, Texas, in the 252nd district court.

1. I told my attorney that I was not guilty when he discussed the indictment in cause no. 86400.

2. I told him that I wanted a trial by jury and he gave me a fee of $1,500.00, and later went up to $1,900.00.

3. I was never told about the reindictment under 98575. See the exhibits attached to the affidavit as proof that I never saw nor signed any of the resetting sheets and that as late as May 2007, in his motion to withdraw, he was still using 86400 no. which the clerk of the court had to correct.

4. After the motion to withdraw was filed(which he didn't send me a copy until the weekend before the hearing; he decided not to withdraw because I gave him what he said I owed him.

5. On the scheduled date of trial, he told me that I had to pay him another $3,500.00 immediately or I could not have a trial by jury as I requested. But I was told that I could not say anything to the judge about it. So, I told the PSI interviewer.

6. I asked about bringing witnesses in my favor but was told the judge is not going to allow me any witnesses.

7. I was told that aggravated assault was the lesser-included offense of sexual assault under P.C. § 22.011(E)

8. No one nor anything apprised me of the serious bodily element of aggravated assault. Had I known and was given a choice I would not have agreed to enter the agreement or plea.

9. I was never warned about my right to not give evidence against myself.

10. When I signed the form stating that I was or had committed every element alleged in the charging instrument, that did

not include, nor was it meant to include serious bodily injury, because the only indictment ever discussed with me was the indictment that was labeled as count II. (attached to this affidavit/unsworn declaration)

11. The courtroom was locked and closed to anyone entering except my attorney, myself, reporter for court, and district attorney. it was not a public trial at all.

12. I did not understand that I did not **have to waive** my constitutional rights just because I became indigent. I never wishe to do so at all but was told I had no choice without money.

Every statement contained herein is trua and correct and given by my personal knowledge. I have read the petition and certify that all factual statements are supported by competent evidence in the appendix or record. I declare under the penalty of perjury that the statements are true and signed by me this the 25th day of August, 2015.

Willie Henry II
Affiant

## COUNT II

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the July Term, A.D., 2005, of the Criminal District Court of Jefferson County, in said County and State, upon oath in said Court present that **WILLIE HENRY, III**, hereafter styled the Defendant, on or about the 1st day of May, Two Thousand, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, did then and there sexually assault BARBARA WHERRY DEAN, hereafter styled the Complainant, by intentionally and knowingly causing the penetration of the female sexual organ of the Complainant by inserting his sexual organ, and the Defendant was a clergyman who caused the Complainant to submit and participate by exploiting the Complainant's emotional dependency on the clergyman in the clergyman's professional character as spiritual advisor,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_Catherine Finenga_
FOREMAN OF THE GRAND JURY

NO. 86400

| STATE OF TEXAS | § | IN THE 252ND DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | OF |
| | § | |
| WILLIE HENRY III | § | JEFFERSON COUNTY, TEXAS |

## MOTION TO WITHDRAW AS COUNSEL

TO THE HONORABLE JUDGE OF SAID COURT:

Audwin M. Samuel, Movant, brings this Motion to Withdraw as Counsel and in support thereof shows:

1.      Movant is attorney of record for WILLIE HENRY III, and was employed to represent Defendant.

2.      Reasons to withdraw include: a. the client has not completed his contractual obligation in this matter.

3.      This withdraw is not sought only for delay, but that Defendant may retain counsel of his choice and may justice be served.

4.      The last known address of WILLIE HENRY III, 6000 Faye Circle, The Colony, TX 75056.

5.      A copy of this motion has been hand delivered to Defendant, who was thereby notified in writing of his right to object to this motion.

6.      The pending settings in this case is August 27, 2007 for Trial.

7.      Movant prays that the Court enter an order permitting Movant to withdraw as attorney of record for WILLIE HENRY III

Respectfully submitted,
The Law Office of
Audwin M. Samuel & Associates
505 Milam, Suite 100
Beaumont, TX 77701
(409) 833-4111 / 838-2220 fax

By: _____
Audwin M. Samuel
State Bar No. 00791595

fel_wtdr.mtn

10

I agree with this Motion and do not oppose Audwin M. Samuel's withdrawal as attorney of record in this case.

by: _____

WILLIE HENRY III

## NOTICE TO CLIENT

This is to notify you that this Motion for Withdrawal of Counsel is set for hearing at the time and place stated herein. You do not have to agree to this motion and if you contest the withdrawal of Audwin M. Samuel as attorney in this cause, you should appear at the hearing. If you do not oppose Audwin M. Samuel's withdrawal as attorney of record in this case, you may appear in court and inform the judge that you agree with this Motion. Included above is a list of the pending settings and deadlines in your case, which you will have to keep even if the motion is granted by the court.

BY: _____

Audwin M. Samuel
STATE BAR NUMBER: 00791595

## NOTICE OF HEARING

The above motion is set for jury trial on_____ at _____, in the courtroom of the _____Court, 1001 Pearl Street, Beaumont, Texas.

Signed on _____.

_____

Judge or Clerk

fel_wtdr.mtn

11  2

## CERTIFICATE OF SERVICE

This is to certify that on May 14, 2007 a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Jefferson County, 1001 Pearl Street, Beaumont, Texas, by hand delivery.

_____
Audwin M. Samuel

fel_wtdr.mtn

12    3

| STATE OF TEXAS | § | IN THE 252ND DISTRICT COURT |
| | § | |
| VS. | § | OF |
| | § | |
| WILLIE HENRY III | § | JEFFERSON COUNTY, TEXAS |

## ORDER ON MOTION TO WITHDRAW AS COUNCIL

On _____, 2007, the Court heard defendant's motion to withdraw and it is

THEREFORE ( ) GRANTED/ ( ) DENIED.

Signed On _____.

_____
Judge Presiding

13

fel_wtdr.mtn

4

A7                                                                      6/22/07

# The Law Office of
# Audwin M. Samuel & Associates

*505 Milam Avenue*
*Beaumont, Texas 77701*
*(409) 833-4111*
*Fax: (409) 838-2220*

## FAX TRANSMISSION COVER SHEET

**Date:** *June 22, 2007*

**To:** *252ⁿᵈ District Court*

**Fax:** *409-835-8656*

**Re:** *Cause No. 98575*

**From:** *Audwin Samuel*

at **FILED** o'clock ___ P, ___ M

JUN 2 2 2007

LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO., TEXAS
BY _____ DEPUTY

---

*YOU SHOULD RECEIVE __1__ PAGE(S), INCLUDING THIS*
*COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES,*
*PLEASE CALL (409) 833-4111*

This is to give notice that I am passing on the hearing that is set for 6-25-07 and that I no longer wish to withdraw from the above mentioned cause. Thank you.

The information contained on the following page(s) is CONFIDENTIAL and intended only for the individual named above. Any other use, dissemination, or copying of this communication is strictly prohibited and is a tortuous interference with our confidential business relationships. If this document was erroneously sent to you please notify us immediately at the phone number listed below and then destroy this document. Thank you. (409) 833-4111

ORIGINAL WILL ____ / WILL NOT __X__ BE MAILED.

16

(X)252ND    ( )CRIMINAL    ( )DRUG 3    ( )RUG 4         9/11/06

A8

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s) 98575 _____  State vs. Willie Henry III

Date: 9-11-06

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions

( ) Plea or Disposition

(X) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

**Defendant**

a Samuel

**Attorney of Record   ( )Apptd ( )Hired**

_____

**Print Name**

1A

**Prosecutor (1) (2) (3)**

---

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL Sept 18 20 06 @ 1:30 AM/(PM)

( ) not reached/continued from _____ Trial Docket

COURT NOTES:

Re-indictment from 86400

T 9/18

_____
**Court Official**

7

.A9                                                                    9/18/06

No(s)___985T5___    State vs.___Willie Henry___

Date:___9-18-06___

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions

( ) Plea of Disposition

(X) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
Defendant

_____Audwin Samuel_____
Attorney of Record  ( )Apptd ( )Hired

_____
Print Name

_____ 1A ___
Prosecutor (1) (2) (3)

---

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL ___MAY 14___ 20_07_ @ _11:00_ AM (PM)

( ) not reached/continued from ___9-18-06___ Trial Docket

COURT NOTES;

_____

_____

_____

_____

_____
Court Official

8

(X)252ND ( )CRIMINAL ( )DRUG 3 ( )DRUG 4

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s) 98575 State vs. Willie Henry

Date: 5-14-07

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions

( ) Plea or Disposition

(X) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
Defendant

_____
Attorney of Record ( )Apptd ( )Hired

_____
Print Name

_____
Prosecutor (1) (2) (3)

## NOTICE OF RESETTING

THIS CASE IS RESET UNTIL Aug 27 2007 @ 1:00 AM/PM

( ) not reached/continued from 5-14-07 Trial Docket

COURT NOTES:

_____
_____
_____
_____

_____
Court Official

9

A-11                                                              6/7/10

(X)252ND      ( )CRIMINAL      ( )DRUG 3      ( )DRUG 4

## DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s)___98575___      State vs.___Willie Henry___

Date:___6-7-07___

( ) Designation of Attorney

( ) Arraignment/Announcement

(X) Hearing of Pre-Trial Motions                    --------------------------------
                                                    Defendant
( ) Plea or Disposition

( ) Jury trial/ Court trial                         _Auavin Samuel___
                                                    Attorney of Record  ( )Apptd ( )Hired
( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement               --------------------------------
                                                    Print Name
( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( )_____          ___1A___
                                        Prosecutor (1) (2) (3)

-------------------------------------------------------------------

### NOTICE OF RESETTING

THIS CASE IS RESET UNTIL___June___18___20_07_@_9:30_
                                                    (AM)/PM
( ) not reached/continued from _____ Trial Docket
COURT NOTES:

____Motion to withdraw____

____Trial date 8-27-07____          14

____1A____
Court Official

A-12                                                                6/18/07

( )252ND     ( )CRIMINAL     ( )DRUG 3     ( )DRUG 4

DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No(s)____98575____     State vs.____Willie Henry____

Date:____6-18-07____

( ) Designation of Attorney

( ) Arraignment/Announcement

(X) Hearing of Pre-Trial Motions MTW

( ) Plea or Disposition

( ) Jury trial/ Court trial

( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement

( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus

( ) _____

_____
Defendant

_____
Auawin Samuel
Attorney of Record  ( )Apptd ( )Hired

_____
Print Name

_____
Prosecutor (1) (2) (3)

## NOTICE OF RESETTING

THIS  CASE  IS  RESET  UNTIL ____June  25  20_07_ @ _9:30_ (AM/PM)

( ) not reached/continued from ____6-18-07____ Trial Docket

COURT NOTES:

_____

_____

_____

_____

15

_____
Court Official

R-13                                                                                    8/27/07

No(s) __98575__          State vs. __Willie Henry III__

Date: __8-27-07__

( ) Designation of Attorney

( ) Arraignment/Announcement

( ) Hearing of Pre-Trial Motions          _____
                                          Defendant
( ) Plea or Disposition

( ) Jury trial/ Court trial               __Audwin Samuel__
                                          Attorney of Record  ( )Apptd ( )Hired
( ) Probation Revocation Hearing/Plea

( ) Probation Revocation Announcement     _____
                                          Print Name
( ) Post Conviction Motions

( ) Sentencing

( ) Bond Proceedings

( ) Habeas Corpus
                                                    __JA__
( ) _____            _____
                                          Prosecutor (1) (2) (3)

---

THIS CASE IS RESET UNTIL __Oct 1__ _____ 20__07__ @ __8:30__  1ST

( ) not reached/continued from _____ Trial Docket       __AM /PM__

COURT NOTES;
                                          No Contest
                                          3 def + 750.00

                                                                        18

_____
Court Official

# 252ND DISTRICT COURT OF JEFFERSON COUNTY, TEXAS

No: 98575  State of Texas vs.  HENRY, Willie III

Date: _10-1-07_  Offense:  **AGGRAVATED ASSAULT**

## DEFERRED ADJUDICATION ORDER

### TERM: THREE (3)  Years

In the best interests of society and the defendant, after hearing evidence, the Court finds that it substantiates the defendant's guilt; defers further proceedings without entering an adjudication of guilt for the term shown above; and places the defendant under the supervision of the Jefferson County Community Supervision and corrections Department (JCCSCD), subject to your obeying the following conditions:

1. Commit no offense against the laws of this State or of any other state or of the United States.
2. Avoid injurious or vicious habits.
3. Do not associate with any disreputable person or be present at any location where a criminal act is being committed.
4. Report as directed by your Community Supervision Officer and obey all rules and regulations of the JCCSCD.
5. Permit your Community Supervision Officer to visit you at home or elsewhere without restriction.
6. Work faithfully at suitable employment, attend educational programs, and/or perform Community Service Restitution for a total of not less than forty (40) hours weekly and provide verification of such.
7. Do not leave Jefferson County without the permission of your Community Supervision Officer.
8. Properly support all of your dependents.
9. Immediately report to your Community Supervision Officer any ·change of address, employment, or marital status; any arrest; and the source and amount of all income.
10. Do not use or possess any drug, except under the order of your doctor.
11. Do not become intoxicated or be under the influence of any intoxicating substance.
12. Attend rehabilitation, treatment, residential programs, and counseling as directed by your Community Supervision Officer, pay for said treatments as directed, and provide verification of such.
13. Do not enter any bar, tavern, lounge, or similar place.
14. Perform 800 hours of Community Service Restitution (CSR), a minimum of fifty percent (50%) to be served within the first year of receiving community service, to be served at a location to be determined later by the Court and the supervising jurisdiction.
15. Be inside your home every day between 10:00 P.M. and 6:00 A.M., except for employment purposes.
16. Abstain from the use of all intoxicating substances, including alcohol, in any form and at all times.
17. Submit to alcohol and/or drug screening at the direction of the Jefferson County Community Supervision and Corrections Department (JCCSCD) or supervising jurisdiction.
18. Have no contact with the victim(s), either in person, by telephone, via mail, electronic mailing, or through a third party: Barbara Wherry and Aqua Wherry .

23

19. Submit to a Sex Offender Assessment and pay the required fee ($350.00), as directed by Jefferson County Community Supervision and Corrections Department (JCCSCD), which will be included in the defendant's monthly installment.

20. Transfer this case to Denton County, Texas for courtesy supervision. The defendant is ordered to obey all rules and regulations of the supervision jurisdiction.

21. Pay the amounts shown in this order in the manner set out in this order.

You are hereby ordered to pay the following amounts:

Fine **$ 750.00**            Supervision Fees **$ 60.00** /mo.            Court Cost **$ 200.00**

PSI Fee **$ 350.00**            Attorney Fee **$ -0-**            Crime Stoppers **$ 50.00 (B)**

Sex Offender Assessment Fee **$ 350.00**

**Pay these sums in a monthly amount of $ 110.00**

Follow all Special Conditions imposed in writing.

The Court authorizes your Community Supervision Officer to modify conditions of community supervision and to transfer you to any community supervision program or residential facility deemed appropriate based upon your risk to the community and the level of your rehabilitation needs. If you do not agree to the modification in writing, the Community Supervision Officer will refer the case to the Court so that a hearing may be conducted.

Court Comments:

_____
Judge Presiding

I have received a copy of this order. I agree to follow all conditions imposed upon me and I know that this community supervision can be revoked for any violation. I will remain in the legal custody of the District Court of Jefferson County, Texas and I hereby waive extradition if I am charged with a violation and am arrested in another state.

_____
Defendant

24

Exhibit C

## Stipulations, Waivers & Judicial Admission

Comes now the defendant, joined by my counsel, and states that I understand the foregoing admonishments from the Court and I am aware of the consequences of my plea. I am mentally competent and my plea is freely and voluntarily made. If counsel was appointed, I give up and waive any time provided to me by law to prepare for trial. I am totally satisfied with the representation provided to me by my attorney who provided fully effective and competent legal representation. Under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure. Joined by my attorney, I give up my right to a jury in this case and my right to the appearance, confrontation and cross examination of the witnesses. I consent to oral and written stipulations and agree that they may be considered as evidence in my case. I have read the charging instrument and my attorney has explained it to me and I committed each and every element alleged. I give up my right to confidentiality of the pre or post sentence report and agree that it may be publicly filed in the papers of my case. I am guilty of the offense and all lesser included offenses charged against me in this case. I swear that all of the foregoing as well as the testimony I give is the truth, so help me God.

X _____
            Defendant

Sworn to and subscribed to before my by the Defendant on this date. I hereby certify that the thumbprint shown below and on the docket sheet and/or community supervision order is that of the defendant in this case.

_____
Deputy District Clerk, Jefferson County

We join in and approve the waivers and stipulations made above by the defendant and certify that the defendant appears legally competent to stand trial, that all of the defendant's statements were freely and voluntarily made, and that the defendant's plea in this case was freely and voluntarily entered.

_____
Counsel For Defendant

_____
Prosecutor

_____
Presiding Judge

Defendant's Right Thumbprint                          State Ex. No. 1

FILED
at _____ o'clock _____

AUG 27 2007

LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO. TEXAS
BY _____ DEPUTY

## Defendant's Post Conviction Waivers

Comes now the defendant joined by his counsel, and in writing and in open Court waives and gives up any time provided and his right to file a Motion For New Trial, Motion For Arrest of Judgment or Notice of Appeal.

X _____
            Defendant

_____
Counsel for Defendant



# LOLITA RAMOS
## DISTRICT CLERK

APPEAL
CAUSE NO. 98575

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 252ND |
| | * | COURT OF |
| VS | * | JEFFERSON COUNTY, TEXAS |

WILLIE HENRY III

## CLERK'S CERTIFICATE

I, LOLITA RAMOS, Clerk of the District Courts of Jefferson County, Texas, Do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas rules of appellate procedure 34.5 (A) and all other documents timely requested by all parties to this proceeding under Texas rules of appellate procedure 34.5 (A).

Given under my hand and seal of office in Jefferson County, Texas, this day of February 17, 2009.

Signature of Clerk: _____

Name of Clerk: Debbie Folse

Title of Clerk: Deputy Clerk

70

Art. § 2.03(b)
It is the duty of the trial court, the attorney representing th accused, the attorney representing the state and all peace off- icers to so conduct themselves as to insure a fair trial for both the State and the defendant, not impair the presumption of innocence, and at the same time afford the public the ben- efits of a free press.

Art. § 1.15
No person can be convicted of a felony...and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same....

Art. § 38.23
no evidence obtained by an officer or other person in viola- tion of any provisions of law or constitution of State or United States shall be admitted in evidence against the accused on the trial of any criminal case.

Art. § 2.01
Each District Attorney shall...it shall be the primary duty of all prosecuting attorneys...not to convict, but to see that justice is done....

## STATE BAR RULES

Rule 1.01(7)
Perhaps no professional shortcoming is more widely resented than procrastination. A client's interests often can be adver- sely affected by the passage of time or th change of conditions in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed.

Rule 1.02
A lawyer shall abide by a client's decisions;
(a)(3) In a criminal case, after consultation with the lawyer as to plea to be entered, whether to waive jury trial, and whether the client will testify.

Rule 1.06
Conflict of interest prohibited

Rule 3.09 (a)
The prosecutor in a criminal case shall; refrain from prosecu- ting or threatening to prosecute a charge that he the prosecu- tor knows is not supported by probable cause;

# FEDERAL CONSTITUTIONAL AMENDMENTS

Amendment IV
The right of the pople to be secure in their persons,...shall no
be violated,amd no warrants shall issue, but upon probable cause
supported by oath or affirmation...

Amendment V
No person shall be held to answer for a capital, or otherwise
infamous crime...nor shall be compelled in any criminal case
to be a witness against himself, nor be deprived of life, lib-
erty, or property, without due process of law;...

Amendment VI
In all criminal prosecutions,the accusd shall enjoy the right
to a speedy and public trial, by an impartial jury of the State
and district wherein the crime shall have been committed,.. and
to be informed of the nature and cause of the accusation...and
to have the Assistance of counsel for his defence.

Amendment XIV
All persons born or naturalized in the United States,..nor shall
any State deprive any person of life, liberty, or property, with
-out due process of law; nor deny to any person within its juris
-diction the equal protection of the laws.

TX   Comstitutiton

TX. Constitution
Art. 1§10 - In all criminal prosecutions the accused shall have a
speedy and public trial by an impartial jury. he shall have the
right to demand the nature and cause of the accusation against
him, and to have a copy thereof. He shall not be compelled to
give evidence against himself, and shall have the right of being
heard by himself or counsel, or both,...

Art. 1§15- The right of trial by jury shall remain inviolate....

Art. 1§19- No citizen of this State shall be derived of life,
liberty, property, privileges or immunities, or in
any manner disfranchised, except by the due course
of the law of the land.

## TX. Penal Code

V.T.c.A. § 2.01
All persons are presumed to be innocent and no person may be
convicted of an offense unless each element is proved beyond
a reasonable doubt.

V.T.C.A. § 1.07(a)(46)
Serious bodily injury means bodily injury that creates a sub-
stantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function
of any bodily member or organ.

REPORTER'S RECORD

VOLUME 1 OF 6

TRIAL COURT CAUSE NO. 98575

THE STATE OF TEXAS          *     IN THE 252ND DISTRICT
                            *
                            *
VS.                         *     COURT OF
                            *
                            *
WILLIE HENRY III            *     JEFFERSON COUNTY, TEXAS


        *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                          MASTER INDEX
        *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *


        On the 27TH day of AUGUST, 2007, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:


Proceedings reported by Machine Shorthand.

COPY

A P P E A R A N C E S

FOR THE STATE:

Mr. Perry Thomas
SBOT NO. 19849120
Assistant District Attorney
1001 Pearl, 3rd Floor
Beaumont, Texas 77701

FOR THE DEFENDANT:

Mr. Kevin Laine
SBOT NO. 00798313
Attorney at Law
1104 Orleans
Beaumont, Texas 77701

Mr. Audwin Samuel
SBOT NO. 00791595
Attorney at Law
505 Milam, Suite 100
Beaumont, Texas 77701

VOLUME 2

PLEA

8/27/07



(Please refer to Volume 2)

(Record taken by Jami Anderson)

(Please refer to Volume 3)

(Record taken by Jami Anderson)

VOLUME 4

MOTION TO REVOKE PROBATION

PLEA OF TRUE

|                              | PAGE |
| ---------------------------- | ---- |
| Case Called                  | 4    |
| Defendant Pleads to Counts   | 4    |
| Case reset                   | 5    |
| Reporter's Certificate       | 6    |

SUMMER TANNER, CSR, RPR
252nd District Court

VOLUME 5

MOTION TO REVOKE PROBATION

SENTENCING

|                           | PAGE |
|---------------------------|------|
| Case Called               | 4    |
| Defendant's Comments       | 4    |
| State's Comments           | 6    |
| Case Recalled             | 9    |
| Audio Played to Court     | 9    |
| Defendant's Comments       | 14   |
| State's Comments           | 15   |
| Defendant Sentenced       | 17   |
| Reporter's Certificate    | 18   |

VOLUME 6

EXHIBITS

| STATE'S NO. | DESCRIPTION | TENDERED | ADMITTED | VOL. |
|---|---|---|---|---|
| 1 | Plea Papers | | | 2 |

(Please Refer to Volume 2)

(Record taken by Jami Anderson)

# REPORTER'S RECORD

## VOLUME 2 OF ___

## TRIAL COURT CAUSE NO. 98575

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 252ND DISTRICT |
| | * | |
| | * | |
| VS. | * | COURT OF |
| | * | |
| | * | |
| WILLIE HENRY, III | * | JEFFERSON COUNTY, TEXAS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLEA OF NO CONTEST

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On the 27th day of August, 2007, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:

Proceedings reported by Machine Shorthand.

## APPEARANCES

MR. PERRY THOMAS
SBOT NO. 19849120
Assistant District Attorney
1001 Pearl
Beaumont, Texas 77701

MR. AUDWIN SAMUEL
SBOT NO. 00791595
Attorney At Law
505 Milam
Beaumont, Texas 77701



## VOLUME 2

## PLEA OF NO CONTEST

|                              | PAGE |
|------------------------------|------|
| Case Called                  | 1    |
| Defendant Pleads No Contest  | 2    |
| Case Reset                   | 3    |
| Reporter's Certificate       | 4    |

8/27/07

THE COURT: Good afternoon, sir. Other than your hand, are you doing okay?

THE DEFENDANT: Yes, sir.

THE COURT: Are you Willie Henry, III?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Samuel, will he waive the formal reading?

MR. SAMUEL: Yes, sir, he will, Your Honor.

THE COURT: Mr. Henry, the indictment in your case alleges that on or about --

Well, is there any motions --

MR. THOMAS: There's a motion, Your Honor, to amend -- proceed only on Count 1 of this indictment and amend Count 1 of the indictment to insert the word -- after intentionally and knowingly, insert "and recklessly" and above that, the word "sexually" -- when it says sexually assault, eliminate the word "sexually." Then after the word "causing," eliminate the rest of the indictment and submit it -- submit that it reads serious bodily injury to the complainant by the use of his hands.

THE COURT: Is there any objection to that?

MR. SAMUEL: No objection to the amendment.

THE COURT: The indictment will be amended. I'm initialing that and putting today's date on that.

The indictment in your case alleges that on or about the 1st day of May of 2000, that you committed the offense of aggravated assault -- well, this indictment says "sexual" assault. I am amending the indictment to the offense of "aggravated" assault --

MR. SAMUEL: Under Section 22 --

THE COURT: That's all right. I'm going to go with aggravated assault.

To this indictment, sir, do you enter into a plea of guilty or not guilty?

THE DEFENDANT: No contest.

THE COURT: Have you entered into your plea of no contest of your own free choice?

THE DEFENDANT: Yes, sir.

THE COURT: And is this your signature here?

THE DEFENDANT: Yes, sir, the best I could do, yes, sir.

THE COURT: And prior to signing this document, did you read it and did Mr. Samuel explain it to you to your full and complete satisfaction?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about it?

THE DEFENDANT: No, sir.

THE COURT: State's tendered No. 1.

MR. SAMUEL: There's no objection, Your Honor. That will be under 22.02.

THE COURT: State's 1's admitted.

Any evidence that he's incompetent?

MR. SAMUEL: There's none, Your Honor.

THE COURT: Sir, you've entered into a proposed plea bargain agreement with The State. The proposal is that I defer all findings of guilt, place you on probation for a three-year period and assess a 750-dollar fine. Is that your understanding of the agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what you want me to do?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to accept your plea, reset you for sentencing on October 1st at 9:30. I'll get a P.S.I. report, and I'll see you at that time. Have a good day.

REPORTER'S RECORD

VOLUME 3 OF ___

TRIAL COURT CAUSE NO. 98575

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 252ND DISTRICT |
| | * | |
| | * | |
| VS. | * | COURT OF |
| | * | |
| | * | |
| WILLIE HENRY, III | * | JEFFERSON COUNTY, TEXAS |

* * * * * * * * * * * * * * *

SENTENCING

* * * * * * * * * * * * * * *

On the 1st day of October, 2007, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:

Proceedings reported by Machine Shorthand.

APPEARANCES

MR. PERRY THOMAS
SBOT NO. 19849120
Assistant District Attorney
1001 Pearl
Beaumont, Texas 77701

MR. AUDWIN SAMUEL
SBOT NO. 00791595
Attorney At Law
505 Milam
Beaumont, Texas 77701

COPY

## VOLUME 3

## SENTENCING

|  | PAGE |
|---|---|
| Case Called | 1 |
| Defendant Sentenced | 1 |
| Reporter's Certificate | 2 |

10/1/07

THE COURT: 98575 on Willie Henry.

Good morning, sir. Are you Willie Henry?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Henry, in your case I find the evidence to be sufficient to find you guilty of the offense of aggravated assault. I'm going to defer that finding, place you on probation for a three-year period, assess a 750-dollar fine. And I wish you the best of luck.

10/1/07

THE COURT: 98575 on Willie Henry.

Good morning, sir. Are you Willie Henry?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Henry, in your case I find the evidence to be sufficient to find you guilty of the offense of aggravated assault. I'm going to defer that finding, place you on probation for a three-year period, assess a 750-dollar fine. And I wish you the best of luck.

THE STATE OF TEXAS:

COUNTY OF JEFFERSON:

I, Jami Anderson, previous Official Court Reporter in and for the 252nd Criminal District Court of Jefferson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record, Vols. 2 and 3, is $ _____ and was paid/will be paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, 2009.

_____
JAMI ANDERSON, Texas CSR 3225
Expiration Date: 12/31/10
Certified Shorthand Reporter
6852 Howe, Apt. C
Groves, Texas 77619

REPORTER'S RECORD

VOLUME 4 OF 6

TRIAL COURT CAUSE NO. 98575

THE STATE OF TEXAS             *      IN THE 252ND DISTRICT
                               *
                               *
VS.                            *      COURT OF
                               *
                               *
WILLIE HENRY III               *      JEFFERSON COUNTY, TEXAS


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MOTION TO REVOKE PROBATION
PLEA OF TRUE
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


On the 8TH day of DECEMBER, 2008, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:


Proceedings reported by Machine Shorthand.

COPY

A P P E A R A N C E S

FOR THE STATE:

   Mr. Perry Thomas
   SBOT NO. 19849120
   Assistant District Attorney
   1001 Pearl, 3rd Floor
   Beaumont, Texas 77701

FOR THE DEFENDANT:

   Mr. Kevin Laine
   SBOT NO. 00798313
   Attorney at Law
   1104 Orleans
   Beaumont, Texas 77701

VOLUME 4

MOTION TO REVOKE PROBATION

PLEA OF TRUE

|                              | PAGE |
| ---------------------------- | ---- |
| Case Called                  | 4    |
| Defendant Pleads to Counts   | 4    |
| Case reset                   | 5    |
| Reporter's Certificate       | 6    |

12/8/08

THE COURT: Cause No. 98575 on Willie Henry. Kevin Laine?

MR. LAINE: Yes, sir. He's in custody.

THE COURT: Good morning, sir. Are you Willie Henry III?

THE DEFENDANT: Yes, sir. How you doing, Your Honor?

THE COURT: Doing good. Thank you. I have a motion to revoke your unadjudicated probation.

Will he waive the formal reading?

MR. LAINE: He will, Your Honor.

THE COURT: This motion states that on the 1st day of October of 2007, that you were placed on probation for the offense of aggravated assault. I found the evidence to be sufficient to find you guilty, deferred the finding, placed you on probation for a three-year period.

Count 1 alleges that you failed to avoid injurious or vicious habits by making threatening and/or harassing phone calls on or about the 20th day of July of 2008. Is that true or not true?

THE DEFENDANT: True, Your Honor.

THE COURT: Count 2 alleges you failed to provide verification of performing your community

service hours. Is that true or not true?

THE DEFENDANT: True, Your Honor.

THE COURT: Have you entered into your pleas of "true" to Counts 1 and 2 freely and voluntarily?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. I'm going to accept your plea. I will reset your case for sentencing on January 12th at 9:30. I'm going to get an updated report. Anything you want me to know that's good about you, make sure that you get that to Mr. Laine; and he will get that to me. And I believe you have a document there that you've already executed. That's the Trial Court Certification. That certification states this is not a plea bargain agreement. Whatever decision I make, you can feel free to appeal me if you want to; okay?

THE DEFENDANT: Yes, sir.

MR. LAINE: Thank you, Your Honor.

THE DEFENDANT: Thank you.

REPORTER'S CERTIFICATE

THE STATE OF TEXAS)
COUNTY OF JEFFERSON)

I, Summer Tanner, Official Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ _169.75_ and was paid by _Jefferson County_.

WITNESS MY OFFICIAL HAND this is the _6th_ day of _February_, 2009.

_____
Summer Tanner, RPR
Texas CSR #8208
Expiration Date:  12/31/10
Official Court Reporter
Jefferson County, Texas
Beaumont, Texas 77701

SUMMER TANNER, CSR, RPR
252nd District Court

REPORTER'S RECORD

VOLUME 5 OF 6

TRIAL COURT CAUSE NO. 98575

THE STATE OF TEXAS * IN THE 252ND DISTRICT
*
*
VS. * COURT OF
*
*
WILLIE HENRY III * JEFFERSON COUNTY, TEXAS

* * * * * * * * * * * * * * * * * * * *
MOTION TO REVOKE PROBATION
SENTENCING
* * * * * * * * * * * * * * * * * * * *

On the 12TH day of JANUARY, 2009, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Layne Walker, Judge Presiding, held in Beaumont, Jefferson County, Texas:

Proceedings reported by Machine Shorthand.

SUMMER TANNER, CSR, RPR
252nd District Court



A P P E A R A N C E S

FOR THE STATE:

Mr. Perry Thomas
SBOT NO. 19849120
Assistant District Attorney
1001 Pearl, 3rd Floor
Beaumont, Texas 77701

FOR THE DEFENDANT:

Mr. Kevin Laine
SBOT NO. 00798313
Attorney at Law
1104 Orleans Street
Beaumont, Texas 77701

VOLUME 5

MOTION TO REVOKE PROBATION

SENTENCING

|                          | PAGE |
|--------------------------|------|
| Case Called             | 4    |
| Defendant's Comments    | 4    |
| State's Comments        | 6    |
| Case Recalled           | 9    |
| Audio Played to Court   | 9    |
| Defendant's Comments    | 14   |
| State's Comments        | 15   |
| Defendant Sentenced     | 17   |
| Reporter's Certificate  | 18   |

1/12/09

THE COURT: 98575 on Willie Ray Henry.

THE DEFENDANT: Good morning, Your Honor.

THE COURT: Good morning. How are you?

THE DEFENDANT: I'm doing good.

THE COURT: Are you Willie Ray Henry?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Mr. Laine, do you have any comments?

MR. LAINE: Yes, Your Honor. Mr. Henry's case was transferred to Denton County. He had a sex offender assessment. That assessment concluded with classes that he was required to go to. He began his reporting to the probation department once a month and then twice a month with home visits every other Monday. Once he got there, he went to the end of April class for the offender -- he went to the May 8th class, then he went to his May 16th class there. That class was with the victim -- well, with Courtney Smith, who is the counselor. May 16th they said we are going to pause your classes for a polygraph -- which is part of the program --

THE COURT: Let me interrupt you. Is Courtney Smith here?

MR. THOMAS: The probation officer from

Denton County?

THE COURT: Yes.

MR. THOMAS: No. They -- they are willing to come if the Court would want to hear --

THE COURT: No. I was just wondering. I didn't mean to interrupt you.

MR. LAINE: So, May 16th was his last class with Ms. Smith. Then he had to go get a polygraph. The polygraph was taken, I think, the 30th of May. Right after -- I'm sorry to put this in chronological order, Your Honor; but it kind of leads up to how this outburst came about. May 30th is when he took the polygraph. His probation officer here said report back -- report back to his classes. He had called -- and we got the phone records, Your Honor, just because we wanted the Court to know he really was -- he's been reporting every time that the officer has wanted to know where he was. They knew where he was.

He had actually reported and called after he had the polygraph. He called the 2nd of July, the 3rd of July, the 14th of July, the 16th of July, five times on the 20th of July. What was happening was, I think Ms. Smith was busy with her classes and wasn't getting back with -- with Mr. Henry. And

Mr. Henry was steady calling Brian back here; and Brian was saying, you are lying. You are not calling her. You are not getting back with the results of the polygraph from Ms. Smith.

Well, Ms. Smith, at the very beginning of their relationship, their counselling, she said, I am a "B" and I am always going to be a "B" and that's how you have to take me.

Well, on July 20th, he left messages and said, I know you said you are going to be a "B" and I think you are a "B," because you are going to get your -- you are getting me in trouble with my probation officer down in Beaumont because he thinks I am lying. I took the polygraph. I am trying to get you the results so I can steady go back to my classes.

So, Your Honor, what he said on those recordings is totally inappropriate. He had surgery to his hand, and he was on medication -- prescribed. And he shouldn't have called her a "B" the number of times he did. He's been in jail for three months, Your Honor. We would ask you sanction him, make him stay another three months in jail. There's no new offenses. He is a medium risk, according to the report.

THE COURT: Okay. Mr. Thomas?

MR. THOMAS: Judge, I don't know if

Mr. Diaz was able to e-mail the calls to the Court or not. I have them on a CD, if the Court wants to hear them. I had an opportunity to hear the calls he --

THE COURT: I want to play them.

MR. THOMAS: If you will give me a break, I will get a player down here; and I will I play them for you.

THE COURT: You bet. Before we get to that point, what will I hear? Whenever I hear these CDs, what am I going to hear?

THE DEFENDANT: I know, Your Honor, I used the "B" word.

THE COURT: Okay.

THE DEFENDANT: I did tell her to quit lying on me.

THE COURT: Okay.

THE DEFENDANT: And in all honesty, I really don't remember the entire conversation. What happened was --

THE COURT: Had you been drinking or smoking or anything?

THE DEFENDANT: No. I was on the hydrocodone and Lyrica.

THE COURT: Uh-huh.

THE DEFENDANT: And I actually don't

remember the conversation. My wife, who is here today, walked in and told me what comments I made. And immediately when she made me aware of it, I did call Ms. Courtney -- I forgot her last name. I did call Ms. Courtney back, and I did apologize to her --

THE COURT: Uh-huh.

THE DEFENDANT: -- and ask her --

THE COURT: So, I'm going to hear that you called her the "B" word. I will hear that you did what?

THE DEFENDANT: Told her to stop lying on me. And my wife just told me I used quite a bit of profanity, which anyone who knows me know I don't use profanity whatsoever.

THE COURT: Am I going to hear any hatred?

THE DEFENDANT: I -- honestly, Judge Walker, I'm not -- I don't know. I don't remember anything --

THE COURT: Okay.

THE DEFENDANT: -- that was said. But my wife did tell me it was awful, and that's why I picked up the phone and apologized to her.

THE COURT: If you would, would you call -- use this phone right here and tell somebody to bring something down. I look forward to hearing it;

okay?  If it will be what you say, then it's not going to be that big of a deal.

(PAUSE IN PROCEEDINGS)

THE COURT:  All right.  I want to hear that tape.  Recall on 98575 on Willie Ray Henry.  We are ready -- hang on.  Before I get started, I am going to hear the "B" word, I am going to hear some fussing.

THE DEFENDANT:  Some profanity, my wife told me.

THE COURT:  Profanity?

THE DEFENDANT:  Yes, sir.  Again, I can't really -- I don't remember.  I was on the medication.

THE COURT:  Okay.

THE DEFENDANT:  My wife is here.  She can probably tell you better than I can.

THE COURT:  No.  Your wife isn't the one going to the penitentiary.  Let's go ahead.

COURT REPORTER:  Do you want this on the record?

THE COURT:  No.

(AUDIO PLAYED TO COURT)

THE COURT:  Wayne, I need them back in the back to be quiet.

(AUDIO PLAYED TO COURT)

THE COURT:  All right.  So, we did use the

"B" word and a few other things; right?

THE DEFENDANT: Yes, sir.

THE COURT: And that was your probation officer?

THE DEFENDANT: That was the counselor's office.

THE COURT: Courtney Smith and then Brian --

THE DEFENDANT: Is the Denton County probation officer.

THE COURT: Right. Mr. --

THE DEFENDANT: May I -- sorry. Go --

THE COURT: No. Go right ahead.

THE DEFENDANT: I sound -- I admit it sounds awful. That's exactly what my wife had told me, that it was pretty bad. I did call back apologizing and asking for him that week, Your Honor. I'm trying not to take up much time, but to lead up --

THE COURT: Man, you take whatever time you need. This is your life.

THE DEFENDANT: That conversation lead up when -- it was a lot of frustration, because when I walked into Courtney's office for that second meeting, she addressed me and she just told me point-blank, Willie, I'm a "B," call me a "B." I really don't care.

You're a lying "SOB."

And she used other profanity -- which I shouldn't have allowed myself to stoop to the same level, and I was wrong.  I do apologize to you and this Court, as well --

THE COURT:  Let me ask --

THE DEFENDANT:  -- what I did to Ms. Courtney --

THE COURT:  -- you a question:  Did you only do two years in college study in psychology, or do you have more psychological training than that?

THE DEFENDANT:  I was in my third year at UTA.

THE COURT:  So, you had three years of studying psychology?

THE DEFENDANT:  Yes, sir.

THE COURT:  And then you said you were a minister?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  And the offense that you are here for is aggravated assault, and that was -- the child was how old?

MR. THOMAS:  It was an adult.

THE COURT:  I mean -- I'm sorry.

MR. LAINE:  Your Honor, I believe he was

32, and she was 39.

THE COURT: I'm sorry. Yeah. You said that you should be allowed to have concubines like King David in the Old Testament.

THE DEFENDANT: That was not true. Your Honor, to my knowledge, King David didn't even have concubines. Solomon did -- which I've never taught on King Solomon. What -- that is a little more complicated than it seems. And I had no idea, Your Honor -- I never got a report of what I was alleged to have done until I went to take the polygraph in May of 2007 (sic).

When I saw what I was accused of, it did bother me because that's not how it happened. I did have an affair, which was in Alabama in '99. She then got her -- moved in with my wife and I -- moved to Texas, moved in with us here in Beaumont. Upon her moving, I did have intercourse with her one more time.

THE COURT: Okay.

THE DEFENDANT: She then joined the church. After she joined the church is when I cut the relationship off. She did get upset. She went to my wife actually -- because I did tell my wife about it when it happened. She went to my wife and asked my wife if I could impregnate her because God told her I

was supposed to be her husband. At that point, my wife asked her to move out the house.

THE COURT: Uh-huh.

THE DEFENDANT: She asked me did she have to move.

I said, yes, if that's what she told you.

Then she told me, if it's the last thing I do, I will get you. I will find a way to get you, and you will never find me.

And that was how -- that was the last time I saw her. One of things that bothered me in the report, as well, when I read it, was the other accusations on her daughter. And she got up in church, as well, as made accusations --

THE COURT: On the 16-year-old daughter?

THE DEFENDANT: Yes.

THE COURT: They say you impregnated her?

THE DEFENDANT: Right. She also made accusations -- which I didn't see that report. She got up in the church that she went to and told them I had relations with my 22-year-old daughter at that time. She was only -- she had never met her, but she told everybody I did and that's why she wasn't with me, which was not the case. She was just living with her

was supposed to be her husband.  At that point, my wife asked her to move out the house.

THE COURT:  Uh-huh.

THE DEFENDANT:  She asked me did she have to move.

I said, yes, if that's what she told you.

Then she told me, if it's the last thing I do, I will get you.  I will find a way to get you, and you will never find me.

And that was how -- that was the last time I saw her.  One of things that bothered me in the report, as well, when I read it, was the other accusations on her daughter.  And she got up in church, as well, as made accusations --

THE COURT:  On the 16-year-old daughter?

THE DEFENDANT:  Yes.

THE COURT:  They say you impregnated her?

THE DEFENDANT:  Right.  She also made accusations -- which I didn't see that report.  She got up in the church that she went to and told them I had relations with my 22-year-old daughter at that time. She was only -- she had never met her, but she told everybody I did and that's why she wasn't with me, which was not the case.  She was just living with her

mother at that time.

MR. LAINE: Your Honor, just as far as this accusation, which is despicable, clearly he did it. Clearly he has accepted responsibility for that.

THE COURT: Well, that's what I am trying to get down to is that -- at the time you said the only reason that you pled guilty was because you ran out of money to pay your attorney. You said the victims made the story up.

THE DEFENDANT: Right. And I was going to go -- I was going to go to trial, but Mr. Samuel told me I had to come up with another $3500.

THE COURT: But now you're standing here telling me that you did do this and you are guilty and --

THE DEFENDANT: Of -- what happened, I didn't -- what he told me I was -- I was found guilty of is being a pastor and manipulating a relationship, and that's not how it --

THE COURT: That's pretty much why I am spending so much time with you is just to pretty much show on the record how manipulative you are.

THE DEFENDANT: Okay.

MR. LAINE: Your Honor, I -- as far as the accusation that he's in violation of probation -- what

he did was despicable. He -- he did call about four or five times before. If it is a new offense, as far as harassment, a misdemeanor, it would carry 180 days --

THE COURT: No. It goes much deeper than that.

MR. LAINE: Well, Your Honor, I think -- I think that there is some -- something should be said that he was on medication at the time.

THE COURT: That's not what he said.

THE DEFENDANT: Yes, sir.

THE COURT: That's not at all what he said. What he said was he hadn't been smoking, he hadn't been drinking. He's just as sober -- he had 12 witnesses, the whole nine yards.

THE DEFENDANT: And --

THE COURT: And I think that the real truth is is that's more than manipulation. And after it was all said and done, you thought, oh, my God, what if she recorded all this and this Judge hears this.

THE DEFENDANT: Honest --

THE COURT: Anyway, I've heard enough.

Mr. Thomas, what are your comments?

MR. THOMAS: Judge, there's another area that interests me about how manipulative he is, is that when he makes his first phone call to the counselor in

Denton County, he says, you know, I need anger management. I'm mad, and the reason why is because I need anger management.

Well, he's quite under control today in this courtroom in front of you. He can turn it on, turn it off when he wants to -- when it's convenient for him. And if he wants to be mad at somebody, he will; and if he wants to be nice, he can. That indicates to me he's in complete control of his emotions. And, again, it's just another way to manipulate this system and this Court. State recommends revocation in the case with appropriate amount of pen time.

MR. LAINE: Your Honor, all these calls were made on the same day. He had medication when he made the calls, and he said he doesn't recall what he said. We have provisions in law to give him leniency for that or, at least, some consideration.

THE COURT: I think that's if I believe that he was, in fact, on medication, which I do not. I quite honestly don't believe a word --

MR. LAINE: Your Honor --

THE COURT: -- he's saying.

MR. LAINE: -- I have a list of medications and his prescriptions.



THE COURT: That's all right. I don't think that proves whether he was on them or not.

In your case, Mr. Henry, I find the evidence to be sufficient to find Count 1 and 2 to be true. They are true. I hereby revoke your unadjudicated probation. I now find you guilty of the offense of aggravated assault. You are therefore guilty of the offense. I assess your punishment at 18 years' confinement in the Institutional Division. You will receive credit for any and all time that you are entitled to by law. Again, I've handed you the certification stating that this is not a plea bargain agreement. You feel free to appeal my decision. Have a good day.

# REPORTER'S CERTIFICATE

THE STATE OF TEXAS)
COUNTY OF JEFFERSON)

I, Summer Tanner, Official Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ _169.75_ and was paid by _Jefferson County_.

WITNESS MY OFFICIAL HAND this is the __6th__ day of __February__, 2009.

_____
Summer Tanner, RPR
Texas CSR #8208
Expiration Date: 12/31/10
Official Court Reporter
Jefferson County, Texas
Beaumont, Texas 77701

SUMMER TANNER, CSR, RPR
**252nd District Court**

In The

**Court of Appeals**

**Ninth District of Texas at Beaumont**

**FILED**

**JUL 2 5 2012**

CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

NO. 09-12-00309-CR

**IN RE WILLIE HENRY, III**

**Original Proceeding**

**MEMORANDUM OPINION**

Relator Willie Henry, III filed a petition for writ of mandamus with this Court. Henry's petition apparently seeks to attack the judgment in his underlying criminal case, alleging (1) the trial court lacked jurisdiction and (2) the evidence was insufficient thereby rendering the judgment void. The judgment Henry complains of and the attached exhibits pertain to trial cause number 98575, which was previously appealed to this Court and affirmed. *See Henry v. State*, No. 09-09-00029-CR, 2009 WL 2044819 (Tex. App.— Beaumont July 15, 2009, no pet.) (mem. op., not designated for publication).

Relator has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator

1

must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Opinion Delivered July 25, 2012

Before McKeithen, C.J., Kreger and Horton, JJ.